**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ISAAC KENNETH FULLMAN,          :          Civil No. 4:14-CV-1739
                                :
         **Plaintiff**          :
                                :          **(Judge Brann)**
    v.                          :
                                :          **(Magistrate Judge Carlson)**
THOMAS KING KISTLER, et al.,    :
                                :
         **Defendants**         :

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

Isaac Fullman is a familiar, if unsuccessful, litigant before this Court, who has

filed at least nine prior cases[1], all of which involved a common nucleus of operative

facts.  In each instance the plaintiff alleged that his civil rights were violated in

connection with a state criminal prosecution in Centre County for DUI and traffic

offenses, or some other summary offense.  Yet, in each instance, Fullman revealed

---

[1]Fullman v. Patton Township Police Dep't., 4:12-CV-1879; Fullman v. Penn State University Police Dep't., 4:12-CV-1880; Fullman v. Centre County District Attorney's Office, 4:12-CV-1881; Fullman v. State College Borough Police Dep't., 4:12-CV-1882; Fullman v. Ferguson Township Police Dep't., 4:12-CV-1883; Fullman v. Centre County District Attorney's Office, 4:12-CV-2061; Fullman v. Centre County Prison, 4:12-CV-2063; Fullman v. Blaniak, 4:12-CV-2233; Fullman v. Centre County Courthouse, 4:13-CV-325.

that he was convicted of the criminal charges which lie at the heart of these lawsuit. In fact, in some instances Fullman recited that he pleaded guilty to these offenses.

Fullman has now filed a new federal civil rights complaint, albeit one which seeks relief that the plaintiff is not entitled to receive in a federal civil rights lawsuit, but rather may only obtain through a petition for writ of habeas corpus. Specifically, in the instant action Fullman expressly invites us to act as some form of appellate court and conduct an extra-judicial appellate review of the state trial and appellate court decisions convicting him of these traffic offenses. (Doc. 1.)

Along with his complaint, Fullman has also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will GRANT the motion for leave to proceed *in forma pauperis*, but recommend that this complaint be dismissed, without prejudice to Fullman filing a federal habeas corpus petition challenging his state convictions and sentences, if he chooses to do so.

## II.   Discussion

### A.   Screening of *Pro Se* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the

Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the

light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Rather, in conducting a

4

review of the adequacy of complaint, the Supreme Court has advised trial courts that

they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain

more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions.  Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to  show that the plaintiff has a "plausible claim for relief."
> In other words, a complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629

F.3d 121, 130 (3d Cir. 2010).

Thus, a well-pleaded complaint must contain more than mere legal labels and

conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these benchmarks, Fullman's latest *pro se* complaint fails as a federal

civil rights lawsuit, and should be dismissed without prejudice to the filing of a

petition for writ of habeas corpus by Fullman.

**B.** **The Rooker-Feldman Doctrine Bars Consideration of This Case as a Civil Rights Lawsuit**

At the outset, in this case where Fullman has filed a civil action which invites

this Court to reject findings made by numerous state courts in the course of an array

of state criminal prosecutions, the plaintiff necessarily urges us to sit as a state

appellate court and review, re-examine and reject these state court rulings in

Fullman's many state prosecutions. Indeed, Fullman's *pro se* complaint makes it

plain that he is inviting us to indulge in some *ad hoc* form of appellate review of his state convictions in the guise of a federal civil rights lawsuit, since he states in his civil complaint that he is "[a]ppealing the Supreme Court of Pennsylvania decision PCRA petition from the lower court, Superior Court of Pennsylvania, and Centre County Courthouse. . . ."  (Doc. 1.)   Thus, Fullman's civil rights lawsuit is specifically premised on the notion that he can use a federal civil rights lawsuit and civil rights statutes to "appeal" his state conviction from the highest court of the state to a federal district court.

This premise is simply incorrect.  Indeed, the United States Supreme Court has spoken to this issue and has announced a rule, the <u>Rooker-Feldman</u> doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions.  As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine.  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....".  <u>See also</u> <u>Desi's Pizza, Inc. v. City of Wilkes Barre</u>, 321 F.3d 411, 419 (3d Cir.2003).  "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions."  <u>Desi's Pizza</u>, 321 F.3d at 419.

<u>Gary v. Braddock Cemetery,</u> 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP,, 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

> [E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." [Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine the outcome of this state criminal case. As the United States Court of Appeals for the Third Circuit has observed in

dismissing a similar lawsuit which sought to make a federal case out of state court

rulings made in litigation relating to a prior state criminal case:

> The Rooker-Feldman doctrine divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir.2006) (internal citations omitted). The doctrine occupies "narrow ground." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). It applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Id. at 291, 125 S.Ct. 1517. . . . Ordering the relief he seeks, however, would require the District Court to effectively determine that the state courts' jurisdictional determinations were improper. Therefore, [Plaintiff] Sullivan's claims are barred by the Rooker-Feldman doctrine. To the extent Sullivan was not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by res judicata. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir.2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

Sullivan v. Linebaugh, 362 F. App'x 248, 249-50 (3d Cir. 2010).

This principle applies here. Thus, in this case, as in Sullivan, the Rooker-

Feldman and *res judicata* doctrines combine to compel dismissal of this case, to the

extent that Fullman improperly invites us to act as a Pennsylvania appellate court for

matters and claims relating to a state litigation arising out of the plaintiff's state

criminal prosecutions.

### C.   Fullman's Avenue For Relief From His States Convictions Lies Through a Petition for Writ of Habeas Corpus

Instead, Fullman's avenue for relief from his prior state convictions lies, not through a federal civil rights lawsuit, but rather through a petition for writ of habeas corpus.  The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose.  The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration and lawfulness of that custody.  As the United States Court of Appeals for the Third Circuit has aptly noted:   "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' "   Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)."  Leamer v. Fauver 288 F.3d 532, 540 (3d Cir. 2002).  However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a ... prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus.  In [such cases], habeas

corpus is not an appropriate or available federal remedy." <u>Preiser v. Rodriguez</u>, 411

U.S. 475, 494 (1973).

This fundamental distinction between a federal civil rights lawsuit, and a

petition for writ of habeas corpus was explained by the court of appeals in <u>Leamer v.</u>

<u>Fauver</u>, 288 F.3d 532 (3d Cir. 2002).  In terms that are equally applicable here the

Court of Appeals explained that:

> When read together, there is a logical and coherent progression of
> Supreme Court jurisprudence clarifying when [habeas and other civil
> rights relief] is unavailable:  whenever the challenge ultimately attacks
> the "core of habeas" -the validity of the continued conviction or the fact
> or length of the sentence-a challenge, however denominated and
> regardless of the relief sought, must be brought by way of a habeas
> corpus petition.  Conversely, when the challenge is to a condition of
> confinement such that a finding in plaintiff's favor would not alter his
> sentence or undo his conviction, an action under [other civil rights
> statutes] is appropriate.

<u>Leamer</u>, 288 F.3d at 542 .

These settled legal tenets control here and are fatal to this lawsuit as a federal

civil rights action, since it is well established that these type of challenges by a state

prisoner to his prior state convictions sound exclusively in habeas corpus.  Therefore,

this civil complaint should be dismissed.  Instead, Fullman's recourse, if any, would

be through a habeas corpus petition brought pursuant to 28 U.S.C. §2254.  That

statute provides in part as follows

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

**(A)** the applicant has exhausted the remedies available in the courts of the State;

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

However, Fullman should be aware that, as this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief.  At the outset, a petition must satisfy exacting substantive standards to warrant relief.  Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts.  Typically, habeas relief will

only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).  Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension.  See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Furthermore, since the requirements for habeas corpus petitions and federal civil rights actions differ, and the two types of actions raise different issues in terms of procedural requirements and substantive standards, it would not be appropriate to simply unilaterally construe Fullman's complaint as a habeas petition.  Instead, it is recommended that this complaint be dismissed without prejudice to Fullman later filing a separate federal habeas corpus petition pursuant to 28 U.S.C. §2254, if he chooses to do so.  See Woodruff v. Williamson, No. 06-2310, 2009 WL 703200, at 6 (M.D. Pa. March 12, 2009)(dismissing habeas petition challenging SMU placement without prejudice to separate Bivens civil action).  See also Jones v. Thomas, CIV.A. 3:13-3105, 2014 WL 3113420 (M.D. Pa. July 7, 2014)(citing Bedenfield v. Lewisburg, 393 Fed. Appx. 32 (3d Cir.2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas

petition"); <u>Green v. Bledsoe</u>, 2010 WL 1372409, at *2 (M.D.Pa. April 5, 2010) (dismissing petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241).

### III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, we will GRANT the motion for leave to proceed *in forma pauperis*, (Doc. 2.), but IT IS RECOMMENDED that the plaintiff's complaint should be dismissed without prejudice to Fullman later filing a separate federal habeas corpus petition pursuant to 28 U.S.C. §2254, if he chooses to do so.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of September, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge